IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2093-FL

| SALIQ SHAKUR, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WARDEN L.B. KELLY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter is before the court on respondent's motion to dismiss or, in the alternative, for summary judgment (DE 9). Petitioner did not respond to the motion, and in this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 9, 2023. Petitioner alleges the Federal Bureau of Prisons' ("FBOP") erred in computing his federal sentence and failed to award him prior custody credit to which he is entitled.

Respondent seeks dismissal of the petition, arguing petitioner has been granted the relief sought, and the issues raised in the petition are now moot. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Tiffany Farmer, a correctional programs specialist at the FBOP's designation and sentence computation center; and 2) petitioner's sentencing monitoring computation data dated December 4 and 27, 2023. The court provided petitioner notice of the

motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, petitioner did not respond to the motion.

## STATEMENT OF FACTS

The relevant facts are not disputed. On October 25, 2021, petitioner was sentenced to an 82-month term of imprisonment in the United States District Court for the District of New Jersey for his conviction of felon in possession of a firearm and ammunition. United States v. Shakur, No. 2:19-CR-663-MCA-1 (D.N.J. Oct. 26, 2021). The federal sentence was ordered to run concurrent to the New Jersey state criminal sentence to which petitioner was already subject. Shakur, No. 2:19-CR-663-MCA-1 (Oct. 26, 2021). FBOP calculated petitioner's sentence as commencing on October 25, 2021. (Dec. 4, 2023, Sentencing Computation (DE 12-3) at 2).

Originally, FBOP awarded petitioner 90 days of prior custody credit for the time period of February 10, 2019, through May 10, 2019. (Farmer Decl. ¶ 8). Petitioner's projected release date was May 23, 2027. (Id.). On December 7, 2023, FBOP updated petitioner's sentence computation when new information was obtained demonstrating petitioner was entitled to additional prior custody credit. (Id. ¶ 7). Petitioner was credited a total of 988 days of prior custody credit for the entire period of February 10, 2019, through October 24, 2021. (Id.). Petitioner's newly projected release date is December 6, 2024. (Id. ¶ 6).

## DISCUSSION

A.   Standard of Review

The court construes the instant motion to dismiss as arising under Federal Rule of Civil Procedure 12(b)(1).[1]  A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction,

---

[1] Although respondent filed the motion pursuant to Federal Rule of Procedure 12(b)(6), thereby arguing petitioner failed to state a claim in the instant matter, respondent in fact argues the petition is now moot, and any case or controversy ceases to exist. (See Resp. Mem. (DE 10) at 3–4). Such an argument instead speaks to the court's

2

and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

As noted above, FBOP has recalculated petitioner's sentence and applied a substantial amount of prior custody credit as petitioner requested. "A case becomes moot – and therefore no longer a Case or Controversy for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Plymail v. Mirandy, 8 F.4th 308, 314–15 (4th Cir. 2021). According to respondent, the court no longer can order effectual relief in this matter. The court agrees, particularly where respondent has not responded to the

---

subject matter jurisdiction. See United States v. Kettler, 908 F.3d 61, 65 (4th Cir. 2018) (explaining that federal courts lack subject matter jurisdiction over moot claims).

3

motion to dismiss.  See Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff").  The court therefore lacks jurisdiction over petitioner's claims.  See United States v. Kettler, 908 F.3d 61, 65 (4th Cir. 2018) (explaining that federal courts lack subject matter jurisdiction over moot claims).

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 9) is GRANTED, and a certificate of appealability is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge